# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1377

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Somuang Jay Vongvone, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 29, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Somuang Jay Vongvone appeals the sentence the district court[1] imposed after he pleaded guilty to distributing more than 5 grams of actual methamphetamine on or about October 31, 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). For reversal, he challenges the court's application of a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) (firearm possession). Reviewing the district court's application of the Guidelines de novo, and its underlying factual findings for clear error, see United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir. 2007), we affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Following careful review of the record before us, we agree with the district court that Vongvone's possession of a rifle and drug paraphernalia in March 2007 constituted relevant conduct to the October 2006 offense of conviction; and it is not clearly improbable that the rifle was connected with Vongvone's drug trafficking, because the rifle was discovered with methamphetamine and drug paraphernalia in the residence from which Vongvone had sold the methamphetamine underlying the offense of conviction. See U.S.S.G. § 2D1.1, cmt. n.3 (increase base offense level by 2 levels if dangerous weapon was possessed unless it is clearly improbable that weapon was connected with offense); United States v. Savage, 414 F.3d 964, 966-67 (8th Cir. 2005) (firearm need not be present during offense of conviction as long as it is present during relevant conduct, as defined by U.S.S.G. § 1B1.3(a)(2); court properly enhanced defendant's sentence for possession of firearm based on relevant conduct from summer of 2002 during which defendant possessed firearm, even though offense of conviction did not begin until January 2003); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (upholding § 2D1.1(b)(1) enhancement because guns were found on premises from which defendant had conducted drug-related activities and guns were readily accessible to defendant).

Accordingly, we affirm the judgment of the district court.

_____